Nov. Term, 1848.

TARKINGTON
v.
THE STATE.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Ryman*, for the plaintiff.

*J. A. Matson*, for the defendant.

(1) See 5 Harr. Dig. 5641.

---

TARKINGTON and Others *v.* THE STATE on Petition of TARKINGTON.

By the common law the father is entitled to the custody of the children of the marriage, in preference to the mother.

The statute provides, that the Court having jurisdiction, may award the custody of the children to either parent, under such regulations as it may impose, in cases where the husband and wife live apart and are not divorced.

APPEAL from the *Tippecanoe* Circuit Court.

SMITH J.—A writ of *habeas corpus* was sued out by *Hardin A. Tarkington*, to obtain the custody of two infant children alleged to be unlawfully detained by *Elizabeth*, his wife, and one *David S. Bush*, her brother-in-law.

The last named parties, by way of return to the writ, made answer admitting that said children were in the possession of said *Elizabeth*, and alleging that said *Hardin* was nearly, if not entirely, destitute of property, and of such indolent habits that it was not probable he would ever have the means to make suitable provision for them. The said *Elizabeth* also alleges that she had separated herself from her said husband because the latter had treated her with cruelty, and had neglected to provide for her maintenance.

The Court, after hearing evidence adduced by both parties, decided that the petitioner was entitled to the custody of the children, and made an order to that effect,

Tuesday,
November 28.

Nov. Term,
1848.

TARKINGTON
v.
THE STATE.

whereupon, the respondents, after an unsuccessful motion for a rehearing, appealed to this Court.

It is clearly established, by the testimony, that *Tarkington* is a man of good moral character, and there is no evidence of cruel or abusive treatment to his family. Some of the witnesses stated that he is a bad manager and provider, and that his family would sometimes have been in want of necessaries but for the assistance of the relatives of Mrs. *Tarkington*, who were in good circumstances. This is the only charge against him, that can be considered as at all proved, and as to this the evidence is somewhat contradictory.

By the common law, the father, in preference to the mother, was entitled to the custody of the children of the marriage; and this paternal right was always enforced in cases like the present, except under the most peculiar circumstances. *The King* v. *Greenhill*, 4 Ad. & El. 624. See also 10 Ves. 58.—Jac. 264, n.—2 Russ., 1.—2 Sim. 35. When it was clearly established that the father was of immoral and irreligious principles, and that thus his children were likely to be corrupted, the aid of the Courts to compel their delivery to him has been refused, but there is no pretence that such was the fact in this case. An absolute want of ability to provide for them, would also, no doubt, have been good cause for such refusal, but the proof in this case falls short of establishing such want of ability.

Very recently, the common law, by which the father, when the husband and wife lived in a state of separation, was entitled to the absolute dominion over the children to the exclusion of the mother, has been materially modified by statute, both in *England* and in this country. By stat. 2 and 3, Vic. c. 54, a mother (unless an adultress) may, by petition to the lord chancellor or master of the rolls, obtain an order for access to her infant children, but at such times only, and subject to such regulations, as the Court shall think proper; and if such children are within the age of seven years, the mother may obtain an order that they shall be delivered to her and remain in her

custody until attaining such age. See 10 Sim. 291.—11 id. 178. In *New York*, a wife living separate from her husband but not divorced, may, by a statutory provision, sue out a *habeas corpus* to have the minor child of the marriage brought before the Supreme Court, which may award the custody of the child to the mother, for such time and under such regulations as it may see fit to prescribe, the Court retaining power, from time to time, to vary, modify, or annul its order. 2 N. Y. R. S., 148. The object of these statutes is, doubtless, to confer upon the Courts a greater discretionary power, in these painful cases of conflict between husband and wife for the custody of their infant offspring, than they were at liberty to exercise under the more rigid rules of the common law. For cases on this subject see *Ex parte McDowley*, 8 John. 328.—*Ex parte Waldron*, 13 John. 418.—*Ex parte Chegary*, 18 Wend. 637.—*Ex parte Nickerson*, 19 id. 16.—*Ex parte Barry*, 8 Paige 47.—25 Wend. 68.—3 Hill, 399. The present Revised Statutes of this state, provide that, when any husband and wife shall live apart, without being divorced, either party may apply to the Court having jurisdiction, for a writ of *habeas corpus* to have a minor child of the marriage brought before it, and, on the return of such writ, the Court, on due consideration of the age and sex of the child or children, and the respective fitness and conditions of the parents, may award the custody of the child or children to either parent, under such regulations and restrictions, and with such provisions and directions, as the case may require: R. S. p. 606, ss. 73 and 74. The whole matter, therefore, is now left to the sound discretion of the Court, having regard to the welfare and true interest of the child as well as the permanent interests of society in the due enforcement of matrimonial obligations. This statute, however, was not in force when this case was before the Circuit Court. As the law then stood the decision was unquestionably correct.

*Per Curiam.*—The judgment is affirmed with costs.

*R. Jones* and *A. Ingram*, for the appellants.

*J. Pettit*, for the appellee.